UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND COLLAZO, a married man,<br><br>                            Plaintiff,<br>      v.<br><br>ALLSTATE INSURANCE COMPANY, a foreign insurance company,<br><br>                            Defendant. | CASE NO. 3:17-cv-5874 RJB<br><br>ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT |

THIS MATTER comes before the Court on the Plaintiff's Motion to Remand Case to State Court. Dkt. 10. The Court has reviewed the pleadings filed regarding the motion and the remaining record.

Originally filed on October 5, 2017, in Pierce County, Washington Superior Court, this case asserts claims against Defendant Allstate Insurance Company ("Allstate") arising from injuries sustained by its insured in a car accident involving another motorist, who fled the scene. Dkt. 1-1. On October 26, 2017, Allstate removed the case to this Court based on the diversity of

ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT - 1

the parties' citizenship and the amount in controversy, pursuant to 28 U.S.C. § 1332. Dkt. 1. Plaintiff now moves to remand the case, asserting that the amount in controversy is less than $75,000, and moves for an award of attorney's fees. Dkt. 10. For the reasons provided below, the motion to remand (Dkt. 10) should be granted, the case remanded to Pierce County, Washington Superior Court, and the motion for attorney's fees (Dkt. 10) should be denied.

## I.     FACTS

According to the Complaint, at the relevant time, Plaintiff was an insured driver under a policy issued by Allstate, which included benefits for injuries resulting from an accident with an uninsured/underinsured ("UIM") motorist. Dkt. 1-1, at 3. The Complaint asserts that the policy provides a $25,000 limit per person for UIM bodily injury and a limit of $10,000 in Personal Injury Protection ("PIP") medical benefits. *Id.*

Plaintiff was injured in a head-on collision. Dkt. 1-1, at 4. The other driver fled the scene, and the police were unable to locate the driver. *Id.* As a result of the accident, Plaintiff's health care providers diagnosed him with: "cervical strain, thoracic myofascial strain, acute non-tractable tension type headache, lumbar stain, and left little finger pain with hyperextension." *Id.* He asserts that his medical expenses are in excess of $9,000. *Id.* Plaintiff maintains that after submitting his medical bills to Allstate, it has only paid $2,025.22 of them. *Id.*

Plaintiff alleges that on June 20, 2017, he made "a written demand to Allstate for payment of his $25,000 UIM policy limits for his economic and non-economic damages for pain and suffering and emotional distress." Dkt. 1-1, at 7. He asserts that Allstate has not made any payments as required under the terms of the UIM provisions in his policy. *Id.*

Plaintiff makes claims for breach of contract, and for violation of Washington's Insurance Fair Conduct Act ("IFCA"), 48.30, *et. seq.*, and the Washington Consumer Protection Act

ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT - 2

1  ("CPA"), 19.86, *et. seq.* Dkt. 1-1. He seeks damages, including treble damages, costs, and

2  attorney's fees. *Id.*

3  Plaintiff now moves to remand the case. Dkt. 10. He argues that while the parties agree they

4  are completely diverse in their citizenship, the $75,000 in controversy amount (as required by 28

5  U.S.C. § 1332 (a)) is not met. *Id.* In support of Plaintiff's assertion, Plaintiff's lawyer states

6  that:

> Shortly after filing this lawsuit in Pierce County Superior Court, [he] personally made contact with Defendant's attorney and advised him that this case involved Uninsured Motorist claim with policy limits of $25,000. [He] further advised him that [he] planned on putting the case into Pierce County's Mandatory Arbitration ("PCLMAR") system. PCLMAR 1.1 (a) provides a simplified and economical procedure for obtaining prompt and equitable resolution of disputes **involving claims of $50,000 or less**.

Dkt. 11, at 2 (*emphasis in original*). Plaintiff's lawyer contends that he told Allstate's lawyer that he "planned on seeking no more than $50,000." *Id.* Plaintiff also moves for an award of attorney's fees and costs incurred in filing the motion for remand. Dkt. 10.

Allstate opposes the motion and argues that Plaintiff's complaint seeks: (1) UIM benefits of $25,000, (2) $6,7974.78 in PIP benefits (Plaintiff claims at least $9,000 in medical bills and asserts that Allstate has paid only $2,025.22 or that); and (3) treble damages. Dkt. 12. It asserts that if Plaintiff seeks to treble only the UIM benefits, his claimed damages total at least $81,974.78. *Id.* Accordingly, it asserts that it had a good faith belief that the amount in controversy was at least $75,000. *Id.* Allstate further points to Plaintiff's June 20, 2017 demand letter. *Id.* In that letter, Plaintiff makes claims for $4,021.44 in medical bills and $5,155.85 in lost wages (for the work Plaintiff missed due to the accident). Dkt. 13, at 9-10. The letter states that Plaintiff is making a "UIM demand of $35,000 for settlement of his physical injuries,

medical treatment, pain, suffering, future medical treatments, future pain and suffering, and loss and enjoyment of life." *Id.*

Plaintiff filed a reply (Dkt. 14) and the motion is ripe for decision.

## II. <u>DISCUSSION</u>

### A. REMOVAL AND REMAND

Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446. Section 1441 provides, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

28 U.S.C. § 1441(a). Allstate asserts that this court has original jurisdiction in this case under § 1332 (a) because of the diversity of the parties' citizenship and the amount in controversy. Dkt. 1. Under 28 U.S.C. § 1446 (c)(2),

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that -
>     (A) the notice of removal may assert the amount in controversy if the initial pleading seeks -
>         (i) nonmonetary relief; or
>         (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>     (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446. Accordingly, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.

Ct. 547, 553 (2014). When, as here, "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*, at 554.

The Plaintiff has shown by a preponderance of the evidence that the amount in controversy requirement is not satisfied. The undersigned takes judicial notice of Plaintiff's assertion in his briefs (Dkts. 10 and 14) and his lawyer's admission, in his declaration filed to support this motion (Dkt. 11, at 2), that the damages sought in this case are $50,000 or less. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)(finding that trial court did not err in taking judicial notice of plaintiff's attorney's admission regarding the amount in controversy)(*citing Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988)(holding that "statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court")). Further, Allstate has failed to show, by a preponderance of the evidence, that the amount in controversy of $75,000 is satisfied.

Subject matter jurisdiction must exist before a federal court can proceed to the merits of a case. *Lance v. Coffman,* 549 U.S. 437, 439 (2007). Pursuant to 28 U.S.C. § 1447 (c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, this case should be remanded to the Pierce County Washington Superior Court.

**B. ATTORNEY'S FEES AND COSTS**

"Absent unusual circumstances, courts may award attorney's fees under § 1447 (c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)(*internal citations omitted*).

Plaintiff moves for an award of attorney's fees and costs incurred in filing the motion for remand. Dkt. 10. Allstate had an "objectively reasonable basis" to seek removal. While Plaintiff's attorney indicated on the phone that he intended to seek less than $75,000, Plaintiff's Complaint, reasonably construed, indicated that he could be seeking more than $75,000. An award of attorney's fees and costs is not warranted here.

### III. ORDER

Accordingly, it is **ORDERED** that:

- The Plaintiff's Motion to Remand Case to State Court (Dkt. 10) **IS GRANTED**;
- Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 10) **IS DENIED**; and
- This case **IS REMANDED** to Pierce County Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of January, 2018.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge